# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 20-1317V
UNPUBLISHED

| | |
|---|---|
| LISA HRICA,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: June 6, 2022<br><br>Special Processing Unit (SPU);<br>Ruling on Entitlement; Concession;<br>Table Injury; Influenza (Flu) Vaccine;<br>Shoulder Injury Related to Vaccine<br>Administration (SIRVA) |

*Leah VaSahnja Durant, Law Offices of Leah V. Durant, PLLC, Washington, DC, for Petitioner.*

*Sarah Black Rifkin, U.S. Department of Justice, Washington, DC, for Respondent.*

## **RULING ON ENTITLEMENT**[1]

On October 5, 2020, Lisa Hrica filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration (SIRVA), resulting from adverse effects of an influenza (flu) vaccination she received on October 5, 2017. Petition at 1.  Petitioner further alleges that the vaccination was administered within the United States, her pain lasted longer than six months, and neither she, nor any other party, has ever received compensation in the form of an award or settlement for Petitioner's vaccine-related injury. Petition at 1, 5. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this unpublished Ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On May 11, 2022, Respondent filed his Rule 4(c) report in which he concedes that Petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1. Respondent determined that "[P]etitioner's alleged injury is consistent with SIRVA as defined by the Vaccine Injury Table." *Id.* at 10-11. Specifically, Respondent determined that "[P]etitioner had no history of pain, inflammation, or dysfunction of her left shoulder prior to the subject vaccination; pain occurred within forty-eight hours of the subject vaccination; pain was limited to the shoulder in which the vaccine was administered; and no other condition or abnormality has been identified to explain petitioner's shoulder pain." *Id.* at 11. Respondent further agrees that Petitioner suffered the residual effects of her condition for more than six months, satisfying the Act's severity requirement and that scope of damages to be awarded is limited to petitioner's SIRVA and its related sequelae only. *Id.*

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master