# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 20-1317V

| | |
|---|---|
| LISA HRICA,<br><br>                Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Corcoran<br><br>Filed: August 25, 2025 |

*Leah VaSahnja Durant*, Law Offices of Leah V. Durant, PLLC, Washington, DC, for *Petitioner.*

*Sarah Black Rifkin*, U.S. Department of Justice, Washington, DC, for *Respondent.*

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On October 5, 2020, Lisa Hrica filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration following an influenza vaccine she received on October 5, 2017. Petition,

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

ECF No. 1. On June 6, 2022, I issued a ruling on entitlement finding the Petitioner entitled to compensation. ECF No. 25. On January 10, 2025, I issued a decision awarding compensation to Petitioner following briefing and expedited Motions' Day arguments. ECF No. 46.

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $47,963.53 (representing $44,684.90 in fees plus $1,185.77 in costs incurred by Petitioner's counsel of record: Leah V. Durant, and $2,015.00 in fees plus $77.86 in costs incurred by Petitioner's former counsel: David Eaton). Application for Attorneys' Fees and Costs ("Motion") filed July 11, 2025, ECF No. 53. Furthermore, Petitioner filed a signed statement representing that no personal out-of-pocket expenses were incurred. ECF No. 53 at 2.

Respondent reacted to the motion on July 25, 2025, indicating that he is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, 3 n.2, ECF No. 54. Also, on July 25, 2025, Petitioner filed a reply requesting that the amount of fees and costs listed in Petitioner's motion be awarded. ECF No. 55.

Having considered the motion along with the invoices and other proof filed in connection, I find a reduction in the amount of fees to be awarded appropriate, for the reason set forth below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of

2

petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Hum. Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

I have reviewed the billing records submitted with Petitioner's request. The rates requested for work performed through 2025 are reasonable and consistent with our prior determinations and are hereby awarded herein.

Regarding the time billed, I note this case required additional briefing regarding damages. I deem the inclusion of these briefing hours to be appropriate, but the *total* amount of time devoted to briefing damages to be excessive – although not egregiously so. *See* Petitioner's Brief on Damages, filed Oct. 20, 2023, ECF No. 39; Petitioner's Reply to Respondent's Response to Brief on Damages, filed Jan. 19, 2024, ECF No. 42. Petitioner's counsel expended approximately 20.5 hours drafting the damages brief and 16.5 hours drafting the responsive brief, for a combined total of 37.0[3] hours. ECF No. 53-1 at 9-10.

My above calculation does not include time spent preparing the initial demand which would have informed this later work, and I am therefore awarding fees associated with that task in full. ECF No. 53-1 at 6. Nor am I counting time spent communicating with Petitioner and preparing additional supporting documentation such as affidavits or signed declarations, which is also being awarded in full. *See* e.g.*,* ECF No. 53-1 at 9 (entries dated 9/18/2023, 9/20/2023, 10/17/2023, and 10/18/2023).

---

[3] This total is calculated as follows: 37 hours billed on 10/16/2023, 10/17/2023, 10/18/2023, 10/19/2023, 10/20/2023, 12/11/2023 at a rate of $358.00, 1/12/2024, 1/16/2024, 1/19/2024 at a rate of $376.00, ECF No. 53-1 at 9-10.

It is unreasonable for counsel to spend so much time briefing the issue of damages in this case, where the issues presented are not complex. I have identified numerous cases (which may reasonably be compared to time spent in this matter),[4] in which attorneys have accomplished this task in about half the time.[5]

---

[4] Special masters may use comparisons to attorneys performing similar tasks to determine if hours are excessive. *See Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1518-1521 (Fed. Cir. 1993).

[5] *See,* e.g., *Lang v. Sec'y of Health & Hum. Servs.*, No. 21-0972V (June 26, 2025) (12.3 and 7.6 hours billed for drafting a damages brief and responsive damages brief, respectively); *McClelland v. Sec'y of Health & Hum. Servs.*, No. 24-0605V (June 24, 2025) (9.7 and 11.2 hours billed for drafting a damages brief and responsive damages brief, respectively); *Blanco v. Sec'y of Health & Hum. Servs.*, No. 22-0559V (June 16, 2025) (4.2 and 8.0 hours billed for drafting a damages brief and responsive damages brief, respectively); *Moreno v. Sec'y of Health & Hum. Servs.*, No. 21-0433V (June 13, 2025) (7.3 and 4.0 hours billed for drafting a damages brief and responsive damages brief, respectively); *Boyd v. Sec'y of Health & Hum. Servs.*, No. 21-0850V (June 13, 2025) (13.3 and 10.9 hours billed for drafting a damages brief and responsive damages brief, respectively); *Perez v. Sec'y of Health & Hum. Servs.*, No. 21-0746V (June 12, 2025) (13.4 and 5.1 hours billed for drafting a damages brief and responsive damages brief, respectively); *Cohen v. Sec'y of Health & Hum. Servs.*, No. 23-1060V (June 11, 2025) (8.5 and 4.6 hours billed for drafting a damages brief and responsive damages brief, respectively); *Shaw v. Sec'y of Health & Hum. Servs.*, No. 22-1348V (January 30, 2025) (9.7 and 5.9 hours billed for drafting a damages brief and responsive damages brief, respectively); *Phillips v. Sec'y of Health & Hum. Servs.*, No. 21-0076V (January 10, 2025) (9.0 and 10.3 hours billed for drafting a damages brief and responsive damages brief, respectively); *Wirges v. Sec'y of Health & Hum. Servs.*, No. 19-1670V (Dec. 27, 2024) (16.8 and 7.5 hours billed for drafting a damages brief and responsive damages brief, respectively); *Tracy v. Sec'y of Health & Hum. Servs.*, No. 20-1312V (Dec. 27, 2024) (12.5 and 5.1 hours billed for drafting a damages brief and responsive damages brief, respectively); *Tappendorf v. Sec'y of Health & Hum. Servs.*, No. 20-1592V (Dec. 27, 2024) (14.1and 7.9 hours billed for drafting a damages brief and responsive damages brief, respectively); *Stolze v. Sec'y of Health & Hum. Servs.*, No. 21-0964V (Nov. 22, 2024) (11.8 and 7.2 hours billed for drafting a damages brief and responsive damages brief, respectively); *Davidson v. Sec'y of Health & Hum. Servs.*, No. 20-1617V (Nov. 22, 2024) (14.9 and 3.8 hours billed for drafting a damages brief and responsive damages brief, respectively); *M.F. v. Sec'y of Health & Hum. Servs.*, No. 21-0970V (Nov. Apr. 9, 2024) (13 and 7.8 hours billed for drafting a damages brief and responsive damages brief, respectively); *Axelrod v. Sec'y of Health & Hum. Servs.*, No. 21-0980V (Mar. 29, 2024) (11.9 and 12.5 hours billed for drafting a damages brief and responsive damages brief, respectively); *Benz v. Sec'y of Health & Hum. Servs.*, No. 21-1197V (Mar. 26, 2024) (19.5 and 6.6 hours billed for drafting a damages brief and responsive damages brief, respectively); *Hansler-Point v. Sec'y of Health & Hum. Servs.*, No. 21-0045V (Mar. 26, 2024) (9.6 and 4.9 hours billed for drafting a damages brief and responsive damages brief, respectively); *Dulaney v. Sec'y of Health & Hum. Servs.*, No. 20-1488V (Mar. 26, 2024) (6.6 and 0.5 hours billed for drafting a damages brief and responsive damages brief, respectively); *Glanville v. Sec'y of Health & Hum. Servs.*, No. 19-1973V (Mar. 26, 2024) (8.7 hours billed for drafting a damages brief); *Stokes v. Sec'y of Health & Hum. Servs.*, No. 19-0752V (Feb. 29, 2024) (15.3 and 8.1 hours billed for drafting a damages brief and responsive damages brief, respectively); *Richardson v. Sec'y of Health & Hum. Servs.*, No. 20-0674V (Feb. 9, 2024) (9.2 and 6.3 hours billed for drafting a damages brief and responsive damages brief, respectively); *Edwards v. Sec'y of Health & Hum. Servs.*, No. 21-0056V (Feb. 5, 2024) (11.3 and 7.2 hours billed for drafting a damages brief and responsive damages brief, respectively); *Villa v. Sec'y of Health & Hum. Servs.*, No. 20-0569V (Feb. 5, 2024) (6.0 and 5.6 hours billed for drafting a damages brief and responsive damages brief, respectively); *Jackson v. Sec'y of Health & Hum. Servs.*, No. 20-0051V (Feb. 5, 2024) (15.4 and 7.7 hours billed for drafting a damages brief and responsive damages brief, respectively); *Mulloy v. Sec'y of Health & Hum. Servs.*, No. 19-1396V (Nov. 6, 2023) (19.7 and 9.5 hours billed for drafting a damages brief and responsive damages brief, respectively); *Gao v. Sec'y of Health & Hum. Servs.*, No. 21-1884V (Oct. 25, 2023) (16.5 and 9.4 hours billed for drafting a damages brief and responsive damages brief, respectively);

Of course, having prevailed in this case, a fees award is generally appropriate. Decision Awarding Damages, issued Jan. 10, 2025, ECF No. 46. And the briefing undoubtedly assisted the parties in informally resolving the issue of damages in this case. But the Act permits only an award of a *reasonable amount of* attorney's fees. Accordingly, I will reduce the sum to be awarded for entitlement damages briefing (**a total of 37 hours, or $13,516.00)** by *twenty percent*.[6] Such an across-the-board reduction (which I am empowered to adopt)[7] fairly captures the overbilling evidenced by this work, without requiring me to act as a "green eye-shaded accountant" in identifying with specificity each objectionable task relevant to this one sub-area of work performed on the case. **This results in a reduction of $2,703.20.**[8]

---

*Knasel v. Sec'y of Health & Hum. Servs.*, No. 20-1366V (Oct. 25, 2023) (11.5 and 13.6 hours billed for drafting a damages brief and responsive damages brief, respectively); *Langdon v. Sec'y of Health & Hum. Servs.*, No. 20-1311V (Oct. 25, 2023) (12.5 and 12.8 hours billed for drafting a damages brief and responsive damages brief, respectively); *Mantagas v. Sec'y of Health & Hum. Servs.*, No. 20-1720V (Oct. 17, 2023) (6.7 and 4.2 hours billed for drafting a damages brief and responsive damages brief, respectively); *Majerus v. Sec'y of Health & Hum. Servs.*, No. 20-1346V (Oct. 17, 2023) (11.0 and 4.6 hours billed for drafting a damages brief and responsive damages brief, respectively); *Cosden v. Sec'y of Health & Hum. Servs.,* No. 20-1783 (Aug. 8, 2023) (6.3 hours billed for drafting a damages brief); *Balch v. Sec'y of Health & Hum. Servs.*, No. 20-0872V (June 30, 2023) (18.7 hours billed for drafting a damages brief); *Kestner v. Sec'y of Health & Hum. Servs.*, No. 20-0025V (June 22, 2023) (6.00 and 4.10 hours billed for drafting a damages brief and responsive damages brief, respectively); *Juno v. Sec'y of Health & Hum. Servs.*, No. 18-0643V (June 14, 2023) (5.8 hours billed for drafting a damages brief); *Deutsch v. Sec'y of Health & Hum. Servs.*, No. 18-0527V (June 12, 2023) (7.4 and 4.4 hours billed for drafting a damages brief and responsive damages brief, respectively); *Edminister v. Sec'y of Health & Hum. Servs.*, No. 19-0184V (May 30, 2023) (15.3 and 3.5 hours billed for drafting a damages brief and responsive damages brief, respectively); *Aponte v. Sec'y of Health & Hum. Servs.*, No. 20-1031V (May 18, 2023) (6.9 hours billed for drafting a damages brief); *Gray v. Sec'y of Health & Hum. Servs.*, No. 20-1708V (May 18, 2023) (5 hours billed for drafting a damages brief); *Horky v. Sec'y of Health & Hum. Servs.*, No. 20-0239V (May 18, 2023) (5.8 hours billed for drafting a damages brief); *Thomson v. Sec'y of Health & Hum. Servs.*, No. 22-0234V (May 18, 2023) (9.5 and 2.5 hours billed for drafting a damages brief and responsive damages brief, respectively); *Rice-Hansen v. Sec'y of Health & Hum. Servs.*, No. 20-1338V (May 17, 2023) (12.9 and 6.1 hours billed for drafting a damages brief and responsive damages brief, respectively). These decisions can (or will) be found on the United States Court of Federal Claims website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc (last visited August 4, 2024).

[6] Because the amount of excessive hours was not as egregious as in previous cases, I will reduce the hours billed by a lower amount than I otherwise would apply. *See,* e.g., *Leone v. Sec'y of Health & Hum. Servs.,* No. 19-0360V, 2020 WL 2510438 (Fed. Cl. Spec. Mstr. Apr. 13, 2020).

[7] Special masters are permitted to employ percentage reductions to hours billed, provided the reduction is sufficiently explained. *See,* e.g., *Abbott v. Sec'y of Health & Hum. Servs.,* 135 Fed. Cl. 107, 111 (2017); *Raymo v. Sec'y of Health & Hum. Servs,* 129 Fed. Cl. 691, 702-704 (2016); *Sabella v. Sec'y of Health & Hum. Servs.,* 86 Fed. Cl. 201, 214 (2009).

[8] This amount is calculated as follows: (22 hrs. x $358.00) + (15 hrs. x $376.00) x .20 = $2,703.20.

## ATTORNEY COSTS

Petitioner has provided supporting documentation for all claimed costs. ECF No. 53-2 at 2-12 and 53-3 at 3-5. Respondent offered no specific objection to the rates or amounts sought. I find the requested costs reasonable and hereby award them in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT, in part, Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded attorneys' fees and costs in the total amount of $45,260.33 as follows:**

**A lump sum of $43,167.47, representing reimbursement for attorney's fees and costs, to be paid through an ACH deposit to Petitioner's counsel of record: Leah V. Durant's IOLTA account for prompt disbursement; and**

**A lump sum of $2,092.86, representing reimbursement for attorney's fees and costs to be paid through an ACH deposit to Petitioner's former counsel: David Eaton's IOLTA account for prompt disbursement.**

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[9]

**IT IS SO ORDERED.**

s/Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[9] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.